UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK COLLINS,<br><br>　　　　Petitioner,<br>　　v.<br>ISIDRO BACA, *et al.*,<br><br>　　　　Respondents. | Case No. 3:20-cv-00066-MMD-WGC<br><br>ORDER |

Petitioner Mark Collins has filed a *pro se* amended petition for writ of habeas corpus (the "Petition") under 28 U.S.C. § 2254. (ECF No. 3.) This habeas matter comes before the Court for consideration of his Application to Proceed *In Forma Pauperis* (ECF No. 1) and Motion for Appointment of Counsel (ECF No. 1-2), as well as initial review under the Rules Governing Section 2254 Cases. For the reasons discussed below, the Court dismisses the Petition for lack of jurisdiction and failure to state a cognizable habeas claim.

Collins challenges his sentence related to a 2010 conviction in the Eighth Judicial District Court for Clark County. *State of Nevada v. Collins*, Case No. 08C244013-1.[1] In April 2010, Collins pleaded guilty to four counts of an amended indictment: (1) conspiracy to commit robbery, (2-3) robbery, and (4) robbery with use of a deadly weapon. A judgment of conviction was entered on September 2, 2010.

The Court takes judicial notice of the prior habeas petition Collins filed in the District of Nevada challenging the same judgment: 3:16-cv-00433-MMD-VPC. The petition was dismissed with prejudice as untimely, and the Court of Appeals for the Ninth Circuit denied a certificate of appealability.

---

[1]The Court takes judicial notice of the online docket records of the Eighth Judicial District Court, which may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx.

1

The current Petition is second or successive because a prior federal petition was decided on its merits, Collins attacks the same judgment of conviction, and the claims Collins raises here are based on facts that had occurred by the time of the prior petition. *See Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) ("[A] federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, . . . and if the petition challenges the same state court judgment as the initial petition."). Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the federal district court, a petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. A federal district court does not have jurisdiction to entertain a successive petition absent such permission. *Brown*, 889 F.3d at 667. Collins has made no allegation or showing that he has received authorization from the Ninth Circuit to file this second or successive petition, nor do the records of the Ninth Circuit reflect that he has sought to obtain any such authorization. This second or successive petition must therefore be dismissed for lack of jurisdiction.

Furthermore, Collins' current Petition fails to allege a cognizable federal habeas claim. The Antiterrorism and Effective Death Penalty Act "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). "Thus, a habeas corpus petition must allege a deprivation of one or more federal rights to present a cognizable federal habeas corpus claim." *Burkey v. Deeds*, 824 F. Supp. 190, 192 (D. Nev. 1993).

Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). A state's interpretation of its own laws or rules provides no basis for federal habeas relief because no federal question arises. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (federal courts may not reexamine state court decisions on state law issues). A petitioner "may not transform a state-law issue into a federal one merely by

asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997). Generally, matters relating to state sentencing are not cognizable on federal habeas review. *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) (state court's misapplication of state sentencing laws does not violate due process thereby justifying federal habeas relief unless petitioner can show "fundamental unfairness"); *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (question of whether a prior conviction qualifies for sentence enhancement under California law is not cognizable federal habeas claim).

In the Petition, Collins asserts two grounds for relief under the Fifth, Sixth, Eighth, and Fourteenth Amendments. (ECF No. 3.) Collins has completed his sentences for the three conspiracy and robbery counts and is currently serving an aggregated sentence for the fourth count: robbery with a deadly weapon enhancement pursuant to NRS § 193.165 as amended in 2007. He claims the Nevada Department of Corrections has failed to apply good time credits to his minimum term of imprisonment. According to Collins, this action "raises the issue of statutory interpretation and how the interpretation is applied to his sentence [and] earned statutory credits." (*Id.* at 6.)

Collins filed a state petition for writ of habeas corpus in 2018 seeking post-conviction relief in the First Judicial District Court for Carson City. (*Id.* at 35-42.) The First Judicial District Court denied the petition. (*Id.* at 5.) He appealed, but the Nevada Court of Appeals denied the appeal on state law grounds in October 2019.[2] Collins also filed a motion with the Eighth Judicial District Court in 2018 requesting a sentence modification based on the purported illegal sentence. (*Id.* at 44-66.) The state court denied the motion, and Collins appealed. (*Id.* at 73-74.) In December 2019, the Nevada Court of Appeals denied the appeal on state law grounds. (*Id.*)

Although Collins mentions "due process" and "cruel and unusual punishment" in the Petition, his claims present no federal question because they plainly involve the

---

[2]The Court takes judicial notice of the online docket records of the Nevada appellate courts, which may be accessed by the public online at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

3

application or interpretation of state sentencing law. *See Swarthout v. Cooke*, 562 U.S. 216, 220-22 (2011) (noting that the Supreme Court has "long recognized that a mere error of state law is not a denial of due process"). Collins's claims are questions of state law and therefore are not cognizable in federal habeas corpus proceedings.[3]

It is therefore ordered that this action is dismissed without prejudice.

It is further ordered that Petitioner Mark Collins is denied a certificate of appealability, as jurists of reason would not find the dismissal of the petition to be debatable or wrong.

It is further ordered that Collins' Application to Proceed *In Forma Pauperis* (ECF No. 1) and Motion for Appointment of Counsel (ECF No. 1-2) are denied as moot.

It is further ordered that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk will make informal electronic service upon Respondents by adding Nevada Attorney General Aaron D. Ford as counsel for Respondents and by directing a notice of electronic filing of this order to his office. No response is required from Respondents other than to respond to any orders of a reviewing court.

It is further ordered that the Clerk of Court is further instructed to enter final judgment accordingly, dismissing this action without prejudice, and close this case.

DATED THIS 12th day of May 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[3]The Court notes that Collins claims also appear non-cognizable in federal habeas because success on their merits "would not necessarily lead to immediate or speedier release" given the discretionary nature of parole decisions. *See Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016).